By the Court.
 

 On April 6, 1937, plaintiff filed in this court a petition to set aside and vacate the order of the defendant, Director of the Department of Education, Division.of Film Censorship of the state, alleging that plaintiff is interested in the exhibition of-the film “Spain in Flames”; that defendant, on February 10, 1937, banned the exhibition of the film upon the grounds that it was harmful in stirring up race hatred and that it was anti-religious; that, after application for a hearing, modification of the previous ruling was refused on March 10th; and that on March 17th a certified petition for a hearing was filed, and the board of censors refused to act upon it. Other allegations of the petition are not essential to a determination of this proceeding.
 

 The answer, after admitting certain facts, alleged that on April 10th the Division of Film Censorship confirmed, without hearing, the action of February 10th, banning the exhibition of the film in Ohio. The defendant, relying upon Section 11311, General Code,
 
 *600
 
 objects to tbe jurisdiction of tbis court by pleading in bis answer that no notice of appeal bad been filed with tbe defendant or tbe Division of Film Censorship within ten days after tbe order of April 10th, or up to tbe time of filing tbe answer. Defendant prays that plaintiff’s petition be dismissed.
 

 Tbis proceeding presents three questions to be determined by tbis court: (1) What section of tbe General Code applies to a proceeding to review an order of tbe Division of Film Censorship; (2) which of tbe above mentioned orders was tbe final order which was-subject to review; and (3) what limitation of time applies to such a proceeding to review?
 

 1. The' plaintiff claims a right of review under Section 871-53, and tbe defendant contends that a review must be bad under Section 12223-1
 
 et seq.,
 
 General Code.
 

 Before tbe passage of tbe new Appellate Procedure Act a right of review was given by Section 871-53, as provided in Section 871-38 in tbe case of persons dissatisfied with tbe orders of tbe Industrial' Commission.
 

 Tbe new Appellate Procedure Act (H. B. No. 42; 116 Ohio Laws, 104) repealed Sections 12223 to 12282, inclusive, General Code, relating generally to proceedings in error, and amended tbe sections relating to review of orders of tbe Public Utilities Commission, State Tax Commission and State Director of Health, but that act did not amend or repeal tbe sections relating to review of orders of tbe Industrial Commission or tbe Division of Film Censorship. It is therefore apparent that tbe General Assembly intended that tbe review statutes which pertained to tbe two last named administrative boards, and which were in effect when tbe'new Appellate Procedure Act was passed, should continue to prescribe tbe procedure.
 

 2. Section 871-53 grants a review of orders of tbe board of censors as provided in tbe case of persons
 
 *601
 
 dissatisfied with the orders of the Industrial Commission, and Section 871-38 permits a review of any order of the commission upon filing a petition in the Supreme Court, issuing summons and filing an answer. No provision is made by either of these sections for filing an application for rehearing before the commission, such as is provided for by the sections dealing with review of orders of the Industrial Commission under Section 1465-90 in workmen’s compensation cases, or of orders of the Public Utilities Commission under Section 543, General Code. However, Section 871-27, General Code, permits a person in'interest because of ownership in any property affected by any order to petition the commission for a hearing on the reasonableness and lawfulness of any order, and that section authorizes the commission to confirm, with or without hearing, its former order.
 

 The verified petition for a hearing filed with the Division of Film Censorship on March 17th was in conformity with the provisions of Section 871-27, General Code, and was a prerequisite, under Section 871-29, to review by this court. Plaintiff was then entitled, under Section 871-38, General Code, to invoke the jurisdiction of this court to review such orders as the defendant should make thereon.
 

 The answer filed by the Division of Film Censorship in this court admits that plaintiff filed a' verified petition for hearing upon the ruling of February 10th, and that up to the time of filing plaintiff’s petition in this court defendant had not acted, upon plaintiff’s petition. The defendant pleads that on April 10th the Division of Film Censorship acted upon plaintiff’s petition for a hearing and on that date confirmed, without hearing, its action of February 10th, banning the exhibition of the motion picture in Ohio.
 

 This court is of opinion that the order of April 10th, confirming the rejection of February 10th, consti
 
 *602
 
 tuted the final order to be reviewed by this court.
 

 3. Neither Section 871-38'nor Section 871-53 prescribes any limitation of time for review, as do Section 547 applying to the Public Utilities Commission, Section 5611-2 applying to the State Tax Commission, and Section 1258-5 applying to the Director of Health. Before the passage of the new Appellate Procedure Act, Section 12270, General Code, relating to proceedings in error, fixed a general limitation of seventy days within which to commence proceedings in error. That section was among those repealed by the new Appellate Procedure Act, which enacted Section 12223-7, reading as follows:
 

 “The period of time after the entry of the order, judgment, decree, or other matter for review within which the appeal shall be perfected, unless otherwise provided by law, is as follows:
 

 “1. In appeals to the supreme court, to courts of appeals, or from municipal courts and from probate courts to courts of common pleas, within twenty (20) days.
 

 “Provided, that, when a motion for new trial is duly filed by either party within three days after the verdict or decision then the time of perfecting the appeal shall not begin to run until the entry of the order overruling the motion for new trial.
 

 “2. In all other appeals, within ten (10) days. * * *”
 

 We are of opinion that it was not the intention of the General Assembly to permit an indefinite time within which to institute a review of the orders of the Industrial Commission under Section 871-38 or of the Division of Film Censorship under Section 871-53, General Code; on the contrary, we are of the opinion that the provisions of former Section 12270 applied before its repeal, and the present Section 12223-7 now applies, and that under the language of paragraph 2
 
 *603
 
 of the last-named section, the ten-day limitation therein provided applies to the instant proceeding.
 

 Therefore this court is of opinion that in a proceeding to review an order of the Division of Film Censorship, Section 871-38 prescribes the procedure; that the order of April 10, 1937, finally banning the film, was' the order from which a review should have been sought; and that such review should have been instituted within ten days after that order was issued.
 

 The petition in this proceeding not having been filed in this court within the ten-day limitation after the order of April 10th, the same is dismissed.
 

 Petition dismissed.
 

 Weygandt, C. J., Jones, Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.