Per Curiam.

The plaintiff submitted a motion picture film to the defendant for examination and censorship. The order of the defendant rejecting the film is dated November 2, 1951. On July 22, 1952, approximately nine months after the entry of that order, plaintiff filed its petition in this court, under authority of Section Hóí-éFh, General Code, for a review of the order.
Defendant filed a motion to dismiss the petition on the ground that it was not filed within the time provided by law, contending that the time within which a proceeding may be instituted to review an order of the Department of Education, Division of Film Censorship, is governed by the provisions of Section 12223-7, General Code, prescribing the time for perfecting appeals.
Plaintiff contends that the proceeding in this court is an “action,” a new proceeding, commenced by filing a petition, and that the time within which the action may be brought is not limited by Section 12223-7, General Code. If plaintiff’s contention were true, the *230 General Assembly would have conferred upon the Supreme Court original jurisdiction in addition to that conferred by the Constitution. Such legislation would be void.
This court is of the opinion that the time for perfecting a review of an order of the Department of Education, Division of Film Censorship, is that prescribed by Section 12223-7, General Code. Such was the holding of this court in the case of North American Committee to Aid Spanish Democracy v. Bowsher, Dir., 132 Ohio St., 599, 9 N. E. (2d), 617.
At the time that case was decided such a review was provided for by Section 871-53, General Code, which granted to a person dissatisfied with an order of the Department of Education the same remedy as was provided for by Section 871-38, General Code, as to orders of the Industrial Commission. Since the decision in the Bowsher case, the General Assembly, with knowledge of that decision, repealed Section 871-53, General Code, and provided for a review by the enactment of Section 154-477&, General Code, using almost identically the same language as was in effect at the time of and construed in the Bowsher case. In enacting the new legislation, the General Assembly not deeming it necessary to change the language relative to review must have approved the construction placed upon it by this court in the Bowsher case.
The motion to dismiss the petition is sustained.

Motion sustained and petition dismissed.

Weygandt, C. J., Zimmerman, Stewart, Middleton, Taft, Matthias and Hart, JJ., concur.